**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5913 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00384-DSF-1 |
| v. | |
| GEOFFREY DAVID MCCALLA, | MEMORANDUM* |
| Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 15, 2025**

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Geoffrey David McCalla appeals from the district court's judgment and

challenges the 30-month sentence imposed upon revocation of his supervised

release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

McCalla contends the district court procedurally erred by (1) failing to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

explain the above-Guidelines sentence adequately; (2) failing to consider his nonfrivolous mitigation arguments; and (3) relying on clearly erroneous facts and improper sentencing factors. We review these unpreserved claims for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The district court did not plainly err. The record reflects that the district court considered McCalla's arguments but found them unpersuasive. As the court sufficiently explained, an upward variance was warranted because McCalla had persisted in his belief—which the court did not believe was in good faith—that he was not bound by court orders and had failed to comply with clear court orders regarding registering as a sex offender and paying restitution. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, McCalla has not shown that the court based the sentence on any clearly erroneous facts. Finally, the court properly imposed the sentence to sanction McCalla's breach of the court's trust, and to deter future criminal conduct by McCalla and protect the community. *See* 18 U.S.C. § 3583(e); *United States v. Taylor*, _ F.4th _, No. 24-1244, 2025 WL 2525850, at *5 (9th Cir. Sept. 3, 2025). The court's "limited" consideration of the conduct underlying the revocation as bearing on these sentencing factors was not improper. *See id.* at *5-*6.

McCalla also argues that the above-Guidelines sentence is substantively unreasonable. However, in light of the 18 U.S.C. § 3583(e) sentencing factors and

the totality of the circumstances, the district court did not abuse its discretion. *See*

*Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**